UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DONALD P. SANDS, JR.,**

    **Plaintiff,**

v.                                                       Case No.: 8:12-CV-2813-T-27EAJ

**LT. SEAN MCGILLEN, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff's **Application To Proceed In District Court Without Prepaying Fees or Costs** (Dkt. 2), which the Court construes as a motion for leave to proceed in forma pauperis.[1]

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted). Furthermore, while the court should interpret pro se filings liberally, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), pro se parties are still "subject to the relevant law and rules

_____

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation (Dkt. 2). See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

of court, including the Federal Rules of Civil Procedure," Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff represents that he has no dependents. He does not have regular employment but sometimes works as a day laborer, recently earning $700 to $900 in one month for his work in that capacity. Plaintiff owns a 1997 Ford van valued at approximately $1,000. Plaintiff states that he has no money in checking or savings accounts, and he reports that his monthly expenses are $300 for gas, $76 for insurance, and $50 for his cell phone. Plaintiff states that he lives in a homeless shelter.

Plaintiff's affidavit of indigency reveals the requisite inability to pay the cost of filing an action. However, Plaintiff's complaint is subject to dismissal because it fails to allege facts sufficient to support a claim under 42 U.S.C. § 1983 (hereinafter "Section 1983"), which provides a cause of action to an individual who has been deprived of his or her constitutional rights by a person acting under the color of law.[2]

Prior to the incidents leading to this lawsuit, Plaintiff states that he lived at Pinellas Safe

---

[2] In its entirety, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

Harbor, a homeless shelter in Clearwater, Florida managed by the Pinellas County Sheriff's Office. Plaintiff has been barred as a trespasser from the shelter, and he seeks an injunction requiring Pinellas Safe Harbor to lift its trespassing order against Plaintiff and to remove any suspensions or other negative references from Plaintiff's records. Plaintiff names three Defendants: Lieutenant Sean McGillen ("McGillen"), administrator of Pinellas Safe Harbor, sued in his official capacity; Anne DePoole ("DePoole"), a social worker, sued in her individual capacity; and an unnamed security guard ("Security Guard"), employed by a contractor and sued in his individual capacity. He requests compensatory damages, punitive damages, and court costs.

Plaintiff's claims are based on incidents occurring after he submitted a written grievance to McGillen in March 2012 regarding his objections to attending Alcohol Anonymous meetings based on religious grounds. (Dkt. 1 ¶ 11)  Plaintiff states that his written grievance also included complaints about DePoole.[3]

Thereafter, Plaintiff alleges that DePoole and Security Guard engaged in a series of retaliatory actions that culminated in his expulsion from the shelter as a trespasser. For example, Plaintiff states that DePoole prevented Plaintiff from attending recovery groups and avowed that Plaintiff would be limited to the outdoor area of Pinellas Safe Harbor indefinitely. (Id. ¶ 12-13) Plaintiff explains that Security Guard made threats, used abusive language, and put Plaintiff in fear for his personal safety, causing Plaintiff to leave the shelter at times and sleep on the street.[4]  When

---

[3] According to the complaint, DePoole ejected Plaintiff from an Alcohol Anonymous meeting after Plaintiff viewed a photo on his cell phone. (Dkt. 1 ¶ 11)  Thereafter, DePoole allegedly relegated Plaintiff to an outdoor area of the shelter, where Plaintiff states that residents are subjected to rats and mosquitoes at night, no running water, and limited opportunities to shower. (Id.)

[4] Plaintiff contends that Security Guard used racial epithets in addressing Plaintiff, and at one point, Security Guard threatened to stun Plaintiff between the eyes with a Taser gun. (Dkt. 1 ¶ 14)

Plaintiff attempted to enter Pinellas Safe Harbor one evening after curfew, Plaintiff states that Security Guard suspended him for thirty days. (Id. ¶ 19) Plaintiff was re-admitted to the shelter after his suspension expired, but when Plaintiff missed curfew again,[5] Security Guard had him trespassed from the premises. (Id. ¶ 21)

When Section 1983 is applied to local governments, a policy or custom must be the "moving force of the constitutional violation" alleged by plaintiff. Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). In the absence of such a policy or custom, a local government cannot be held liable under Section 1983 solely because it employs a tortfeasor. Id. at 692. To prove the existence of an unlawful custom, a plaintiff must allege a widespread practice that, although not authorized by written law or express policy, "is so permanent and well settled as to constitute a custom or usage with the force of law." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir.1991) (citation and internal quotation marks omitted).

In his typed, eleven-page complaint, Plaintiff chronicles conduct that he believes violated Section 1983 by depriving him of his First Amendment right of free speech, his due process rights, and other rights under the U.S. Constitution and federal and state laws. He contends that the three defendants acted in collusion with each other to violate his constitutional rights. However, Plaintiff fails to assert a policy or custom applied by DePoole which was the moving force in the alleged constitutional violations. As such, the complaint fails to state a plausible claim under Section 1983.

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)  Plaintiff's construed motion for leave to proceed in forma pauperis (Dkt. 2) be

---

[5] According to Plaintiff, residents are permitted to re-enter the shelter after missing curfew if they complete a re-admittance process. (Dkt. 1 ¶ 21)

**DENIED WITHOUT PREJUDICE**;

(2)   Plaintiff be granted an opportunity to file an amended complaint; and

(3)   Plaintiff's failure to timely file an amended complaint could result in dismissal of this case without further order.  <u>See</u> Local Rule 3.10(a), M.D. Fla.

**DONE AND ORDERED** in Tampa, Florida on this 15th day of January, 2013.

_____
ELIZABETH A JENKINS
United States Magistrate Judge